THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROXALANA DRUSE, Appellant.

Court of Appeals, October 26, 1886.

Affirming 41 Hun, 640, Mem.

*Murder. Examination of witness.*—The trial court, upon a criminal trial, may, in its discretion, after a witness has detailed the incidents of the transaction without interruption, permit the district attorney to call his attention to the particular facts, in case it carefully guards and protects the legal rights of the defendant in the examination.

2. *Same. Evidence.*—On the trial of an indictment for murder, the defendant, in support of his claim that the homicide was committed in self-defense, can not be permitted to show that the deceased treated his domestic animals with cruelty. He may, after giving evidence tending to prove self-defense, follow it by proof of the general reputation of the deceased for quarrelsomeness and violence; but he is confined to proof of general reputation, and evidence of specific acts of violence toward third persons is inadmissible.

3. *Same. Confession.*—The confession of a defendant, not made under the influence of fear produced by threats, nor upon any promise of immunity from prosecution, is voluntary though made when under arrest, and is admissible against him on a criminal trial, within the general rule prescribed by section 395, of the Code of Criminal Procedure.

4. *Same. Evidence.*—Evidence to show that the deceased robbed his father, when in his coffin, of his grave clothes, and wore them at his funeral, is wholly irrelevant and immaterial, on the trial of an indictment for murder.

5. *Practice. Review.*—Where the general term has affirmed a conviction of murder, the only questions coginzable in the court of appeals are those arising upon exceptions taken in the course of the proceedings.

Action in which the defendant herein was indicted and convicted of the crime of murder in the first degree.

Appeal from a judgment of the general term of the

supreme court, affirming a conviction, at the oyer and terminer, of the crime of murder.

*H. D. Luce*, for appellant.

*Eugene E. Sheldon*, for respondents.

ANDREWS, J.—The defendant was convicted at the oyer and terminer in Herkimer county, on the 6th day of October, 1885, of the murder of her husband, William Druse, in the town of Warren, in that county, on the 18th day of December, 1884. The general term has affirmed the conviction, and the only questions cognizable in this court are those arising upon exceptions taken in the course of the proceedings. People *v.* Boas, 92 N. Y. 560; People *v.* Guidici, 100 id. 503.

It is not disputed that the deceased came to his death by the act of the defendant. The only defense attempted to be made on the trial was justifiable homicide. The history of the transactions at the house of Druse on the day of the homicide, as narrated by the witnesses on the part of the people, discloses one of the most remarkable tragedies to be found in the annals of crime. The deceased was a farmer, and lived with his wife and their two children—Mary, of the age of about nineteen years, and George, of the age of about ten years—on a small farm in the town of Warren. Frank Gates, a nephew of the defendant, about fourteen years of age, was also, at the time of the homicide, a member of the family. The husband and wife had frequent altercations, and their relations for several years prior to the homicide had been very unpleasant. He was a shiftless farmer, a poor provider, often abusive to his family, and the contracting by the wife of small debts at the stores for clothing and supplies for herself and her children was the occasion of frequent quarrels between them.

The homicide occurred on the morning of the eighteenth of December, in the kitchen of the house. The sole evi-

dence of eye-witnesses of the transaction is that of Frank Gates, and George Druse, and his sister Mary.   The two boys were sworn on the part of the people, and Mary Druse, upon whose testimony alone the defense of justifiable homicide was sought to be supported, was sworn in behalf of the defendant.

The testimony of the two boys who differ as to some of the details, but who agree in the main facts, may be briefly stated. It appears from their story that the deceased, after having done his chores, came in to his breakfast, and sat down at the table in the kitchen, with his back to the stove.   The defendant and the two boys and Mary Druse were in the room, but were not at the table.   The deceased commenced finding fault with the tea, adderssing his wife in harsh and profane language, and complaining of the store bill.   The defendant went into the buttery or parlor, and came out with a revolver, which she held under her apron.   She then spoke to the boys in a low tone, and told them to go out doors.   They went out, and George testified that he heard two or three shots.   Frank Gates heard a noise as of chairs being tipped over, but heard no shots.   The defendant then called Frank Gates into the house.   He came in, and found Druse sitting in his chair, with a rope around his neck; and the defendant required Frank to take the pistol, and fire at Druse, using at the same time threatening language.   He took the pistol, and fired as directed, and after that the defendant took the pistol and fired again at her husband. He fell or was thrown from the chair, and the defendant then took an axe and hit him on the head; and he said, " Oh Roxy, don't ! "   She then severed the head from the body, and rolled it up in a newspaper or· a skirt, and carried it into the parlor.   She then directed the boys to go up-stairs and bring down a straw tick, which they did, and, placing the body upon that, it was dragged into the parlor. She then sent the boys down to a brush lot to get a sharp axe, which they brought.   She had newspapers placed over the

kitchen windows, and set Frank Gates and her daughter, Mary, to watch them. She afterwards sent the boys out after wood. They brought in dry shingles in a clothes basket and they were taken into the parlor. She then sent Frank Gates to a neighbor's for matches. The day was apparently spent by the defendant, assisted by her daughter, in cutting to pieces and burning the body of her husband, while in the afternoon the boys amused themselves by playing checkers. The next day the refuse in the stoves, containing the uncon-sumed portions of the body, was collected and put into a box, which was placed in a cutter and taken by the defend-ant, Mary, Frank and George, and dumped among some bushes in a swamp. Subsequently Frank Gates, by her direction, threw the axe and revolver into a pond, where they were found after the arrest of the parties. The defend-ant represented to neighbors that her husband had gone to New York, and, to divert suspicion, she telegraphed to a friend, asking, " Is William there ? "

The testimony of Mary Druse, who was jointly indicted with her mother for the murder, was introduced to show that her father at the time of the homicide had attacked her mother with a knife, under circumstances which justified the killing. It is sufficient to say that her narration was very improbable, and was inconsistent with some of the conceded facts, and that the jury disbelieved her. The testimony of the two boys was confirmed, as to the main facts, by the confession of the defendant to the witness McDonald.

It will be seen from this *resumé* of the principal facts that there was abundant evidence to justify the conviction. The evidence on the part of the people supplied all the elements necessary to the crime of murder in the first degree. The general term, in a careful opinion, has examined the case upon the facts and the law, and reached the conclusion that no error was committed on the trial, in which we fully concur.

We shall content ourselves with a reference to a few of

the exceptions, although all of these seem to be unsubstantial, and none of the questions raise any doubt as to the correctness of the rulings.

*First.* The court, in its discretion, properly permitted the district attorney to call the attention of the witnesses Frank Gates and George Druse to particular facts, after they, without interruption, had gone through the story of the incidents of the eighteenth of December. We think the judge carefully guarded and protected the legal rights of the defendant in their examination.

*Second.* The court properly excluded the defendant's offer to show, by the witness Van Evera, that the deceased treated his domestic animals with cruelty. The rule is that after evidence has been given by a defendant tending to show that the homicide was committed in self-defense, he may follow it by proof of the general reputation of the deceased for quarrelsomeness and violence. But a defendant is confined to proof of general reputation, and evidence of specific acts of violence towards third persons is admissible. People *v.* Lamb, 2 Keyes, 371; Eggler *v.* People, 56 N. Y. 643; Thomas *v.* People, 67 id. 218. This principle plainly excludes the evidence offered.

*Third.* The confession of the defendant to the witness McDonald was properly admitted. It was not made under the influence of fear produced by threats, nor upon any promise of immunity from prosecution, and was therefore admissible, within the general rule prescribed by section 395 of the Code of Criminal Procedure. It is immaterial that when made the defendant was under arrest. The confession was voluntary, and was not within the rule recently applied in the Case of Mondon, excluding confessions made by an accused prisoner, as a witness, who has not been informed of his legal rights.

*Fourth.* The court properly excluded evidence to show that the deceased robbed his father, when in his coffin, of

his grave clothes, and wore them at his funeral. It was wholly irrelevant and immaterial.

We leave the other exceptions without special notice. Most of them are considered in the opinion below, and are satisfactorily answered. There was no exception to the charge. It fully stated the facts and the law applicable to the case.

We see no reason for disturbing the judgment. It should therefore be affirmed.

. All concur.