THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY K. STEVENS, Respondent.

*Court of Appeals, February* 1, 1887.

Reported below, 38 Hun, 62.

*Appeal. Criminal law.*—The defendant, on an appeal from a conviction by a jury in a criminal case, is entitled to a review of the facts, and the exercise of the discretionary power of the general term of the supreme court. Where the general term puts its reversal in such case upon a question of law, the court of appeals will not review the order, but will remit the case to the general term to enable it to consider the questions of fact, and exercise its discretion.

Appeal from an order of the general term of the supreme court, reversing a judgment of the court of sessions and granting a new trial on a conviction for grand larceny, upon grounds of error of law and not of fact or as matter of discretion.

*Geo. T. Quinby*, District Attorney, for appellant.

*John Laughlin*, for respondent.

PER CURIAM.— The order of reversal states merely that it was made on questions of law. It does not state that the court has considered the questions of fact or exercised the discretion which the statute confers upon it. We have decided that this court will not review an order of reversal in such a case, unless it shows that the court has exercised its discretionary powers. See People *v.* Boas, 92 N. Y. 560-564; Same *v.* Conroy, 97 N. Y. 62-72; Harris *v.* Burdett, 73 N. Y. 136. Although the court in the present case puts its decision upon a question of law, we cannot say it would not have reached the same result had it exercised its discretion, and entertained a different opinion on the question of law. The prisoner was entitled to a review of the facts, and the exercise of the discretionary power of the court, which he might lose if the case should be disposed of solely on a question of law.

The case should, therefore, be remitted to the general term to consider the questions of fact, and exercise its discretion.

All concur.