THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
DOMINICO CALABUR, Respondent.

CRIMES — APPEAL — ORDER OF REVERSAL UPON GROUND THAT JUSTICE
REQUIRED A NEW TRIAL NOT REVIEWABLE.  An order of reversal in a
criminal case, that does not upon its face exclude the possibility that it
was based upon an examination of the facts or made as a matter of dis-
cretion, presents no question of law reviewable by the Court of Appeals.

*People* v. *Calabur,* 91 App. Div. 529, appeal dismissed.

(Argued May 16, 1904; decided May 20, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 11, 1904, which reversed a judgment of the Kings
County Court entered upon a verdict convicting the defend-
ant of the crime of assault in the first degree and granted a
new trial.

*John F. Clarke, District Attorney (Robert H. Roy* of
counsel), for appellant.

*Francis L. Corrao* for respondent.  This court has no
jurisdiction to review this appeal, for the reason that the
order appealed from fails to state upon what ground or for
what reason the judgment of conviction was reversed and a
new trial granted.  (*People* v. *Boas,* 92 N. Y. 561 ; *People*
v. *Poucher,* 99 N. Y. 610 ; *People* v. *Conroy,* 97 N. Y. 72 ;
*People* v. *Stevens,* 104 N. Y. 667 ; *People* v. *Camp,* 139
N. Y. 87 ; *People* v. *Malone,* 169 N. Y. 569 ; *People* v.
*Miller,* 169 N. Y. 339 ; *People* v. *D'Argencour,* 95 N. Y.
631.)

*Per Curiam.*  Although a previous motion to dismiss the
appeal in this case was denied upon the theory intimated, but
not decided, in *People* v. *D'Argencour* (95 N. Y. 624), to the
effect that if it appeared that the discretion of the Appellate
Division had been abused, the question might be considered

upon appeal to this court, yet, when we examine other decisions where that question was actually involved, we find that it has been uniformly held that an order of reversal in a criminal case that does not, upon its face, exclude the possibility that it was based upon an examination of the facts or made as a matter of discretion, presents no question of law reviewable by the Court of Appeals. (*People* v. *O'Brien,* 164 N. Y. 57; *People* v. *Grossman,* 168 N. Y. 47; *People* v. *Mitchell,* 142 N. Y. 639; *People* v. *Stevens,* 104 N. Y. 667; *People* v. *Conroy,* 97 N. Y. 62; *People* v. *Boas,* 92 N. Y. 560; *Harris* v. *Burdett,* 73 N. Y. 136.)

Therefore, in view of the latter decisions, which must be regarded as controlling and adverse to the dictum in the *D'Argencour* case, and after a full consideration of the case at bar, we have reached the conclusion that this court has no jurisdiction to review the order of the Appellate Division reversing the judgment of the trial court upon the ground that justice required a new trial, as that determination rested solely in the discretion of the court below and involved no errors of law which this court can review.

The appeal should be dismissed.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur; HAIGHT, J., absent.

Appeal dismissed.