THE PENNSYLVANIA FIRE INSURANCE COMPANY et al.,
complainants,

*v.*

TEODORE RINAOLO, defendant-appellant; MEIER CHERNIN,
defendant-respondent.

[Argued Ocober 31st, 1930.   Decided April 17th, 1931.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Berry, who delivered the following de-
cision:

"In the matter of *Pennsylvania Fire Insurance Co.* v.
*Rinaolo,* which was tried before me on March 25th last, I
have reached the conclusion that the judgment creditor,
Meier Chernin, is entitled to be first paid out of the funds
paid into court in this suit.  If there is any surplus, which
is doubtful, that surplus would be payable to Rinaolo or
his solicitor in this suit and such surplus would be subject
to his solicitor's lien for his reasonable fees and costs.

"This is an interpleader suit in which the complainant has
paid into the court the sum of $635.46, representing the
amount due Rinaolo for fire loss.  Chernin claims to be
first entitled to be paid out of the fund the amount of his
judgment entered March 21st, 1929, under which a levy
has been made on the fund by the sheriff of Essex county.
Kinkead & Klausner claim to be entitled to an attorney's
lien on the fund and to be entitled to priority as to that
claim over all other claimants.  Mr. Belfatto also claims
a lien upon the fund.  It seems clear that if the attorneys
have any lien it is either a common law lien or a statutory

lien. Obviously, the statute (*P. L. 1914 p. 410*) does not apply and the common law lien will not attach unless the fund comes into the hands of the attorney. In the instant case no part of the fund has yet come into the hands of either Kinkead & Klausner or Mr. Belfatto. Chernin's claim under his levy is therefore prior to that of the attorneys. Belfatto's claim would be next because he would be entitled as solicitor of Rinaolo to receive the balance of the fund after the payment of Chernin's claim and having possession of it would be entitled to enforce his lien. The following authorities, cited by counsel for Chernin, are pertinent: *6 Corp. Jur. 765 § 326; p. 766 § 364; p. 770 § 368; 37 Corp. Jur. 307 § 3b; p. 325 § 33; Stansbury* v. *Patent Cloth Manufacturing Co., 5 N. J. Law* \*433; *Delaney* v. *Husband, 64 N. J. Law 275.* See, also, *Lanterman* v. *Luby, 96 N. J. Law 255* (at *p. 257*), where Judge White, for the court of errors and appeals, discusses the character and incidents of a lien. The cases of *Cicalese* v. *Fortunato, 92 N. J. Eq. 329,* and *Ferraro* v. *City Hall Garage, 94 N. J. Law 209,* have no application to the present controversy as the fund here involved does not arise as the result of any suit instituted by the attorney claimants. I will advise a decree in accordance with this memorandum."

*Mr. Gaetano M. Belfatto,* for the appellant.

*Mr. Abraham Laub,* for the respondent.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the decision in the court below by Vice-Chancellor Berry.

*For affirmance*—The Chief-Justice, Trenchard, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 13.

*For reversal*—None.