BERNARD LAMB, MAYOR OF THE BOROUGH OF HO-HO-KUS, PROSECUTOR, v. A. D. McKEE, INCORPORATED, ET AL., DEFENDANTS.

Submitted May 16, 1931—Decided May 6, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Jacob W. & Edgar A. De Yoe.*

For the defendants, *De Turck & West.*

PER CURIAM.

This writ brings up orders of the Bergen County Court of Common Pleas, setting aside four convictions of the defendant A. D. McKee, Incorporated, for violations of the zoning ordinance of the borough of Ho-Ho-Kus.

The zoning ordinance was passed June 6th, 1923, and the Enabling act was passed in 1928. *Pamph. L., p.* 696. The defendant was the owner of a ten-acre lot of land in the borough, acquired in 1927. From this tract it was excavating sand and gravel, although only one acre was being worked at that time. After the Enabling act was passed the defendant continued to make excavations from other portions of the tract, and complaints were made for the violation of the ordinance. The defendant company was convicted of nonconforming use of the land, non-conforming use of the building, use of the land without certificate of occupancy, and use of the building without certificate of occupancy.

Upon appeal the convictions by the recorder of the borough were reversed by the Court of Common Pleas, and the borough obtained this writ.

The situation presented is very similar to that passed upon by the Court of Errors and Appeals in *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555, for the ordinance here in question is subject to the same infirmity as that there in question, and that case held that a con-conforming use that was lawful when instituted, and actively and constantly maintained, was entitled to be continued under the act of 1928.

The prosecutor of this writ admits that as to the one acre of the lot used before the passage of the Enabling act of 1928, the defendant is protected by the rule laid down in Durkin Lumber Co. *v.* Fitzsimmons. It, however, attempts to differentiate that case from the instant one by saying that the excavation from parts of the remaining nine acres was a new use commenced after the zoning ordinance became valid. The Common Pleas judge held that the tract was a unit and came within the definition of a lot in the sense that lot was used in section 11 of the act of 1928, citing *Edwards* v. *Der-*

*rickson,* 28 *N. J. L.* 45. That view we think is sound. We think the tract as a whole was used for excavating purposes even though only a part of it was actually being dug. Under prosecutor's reasoning a land owner would be entitled to continue a previous non-conforming use only on the precise spot where it was being done. We think that is not so, and was not the intention of the legislature in enacting section 11 of the act of 1928. We think that the tract was a single unit and that it was put to a non-conforming use as a whole before the act of 1928 was passed.

The four orders under review will be affirmed and the writ dismissed, with costs.