17 N.J. Super. 1 (1951)
85 A.2d 279
NEIL STRUYK, BUILDING INSPECTOR OF THE BOROUGH OF NORTH HALEDON, PLAINTIFF-APPELLANT,
v.
SAMUEL BRAEN'S SONS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1951.
Decided December 19, 1951.
*4 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Paul Rittenberg argued the cause for appellant (Mr. Peter Hofstra, attorney).
Mr. John W. Hand argued the cause for respondent (Mr. Hugh C. Spernow, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
This appeal is from a judgment in the Passaic County Court setting aside defendant's conviction for violation of the zoning ordinance of the Borough of North Haledon.
The zoning ordinance was passed August 24, 1941. The defendant acquired on October 28, 1942, "subject to the zoning ordinance," a seven and one-half acre vacant and unimproved tract, called the Blasberg tract, located in the A *5 residence zone. The tract adjoins defendant's quarry property which is equipped with building and structures necessary to the quarrying business which defendant has operated there for over 40 years. In 1947 defendant stripped the surface of the Blasberg tract  "you take the top soil and the dirt and everything that is on top of the rock off"  and in 1950 commenced blasting the acreage; it was "mostly stone underneath." It is the quarrying of the Blasberg tract from and after August 17, 1950, which the complaint charged violated the zoning ordinance.
The ordinance limits and restricts "building and structures" only. It does not purport to regulate the nature and extent of the use of the land. See N.J. Const., 1844, art. IV, sec. VI, par. 5; and cf. N.J. Const., 1947, art. IV, sec. VI, par. 2; R.S. 40:55-30, 31, as amended. However, the Blasberg tract was quarried in the manner complained of in conjunction with defendant's already existing quarry property and operations, and in that circumstance the tract is regarded as subject to any applicable zoning restrictions. The Midland Park Coal & Lumber Co., Inc., v. Terhune, 136 N.J.L. 442 (Sup. Ct. 1948), affirmed 137 N.J.L. 603 (E. & A. 1948).
The trial court set aside the conviction and entered a judgment of acquittal upon a finding that the Blasberg tract was being worked as a quarry when the ordinance was passed. This finding is based on testimony that defendant was permitted by the previous owner for some 25 years before the passage of the ordinance to truck across the tract shovels, drills and other equipment employed in working the pit of the original quarry, and evidence that before 1950 defendant "did clean up a lot of loose rocks." Clearly such proof was wholly insufficient to support a finding that quarrying of the Blasberg tract was in fact being conducted at the time the ordinance became effective.
Quarrying is usually the digging out of stone or slate from an open excavation. Assuming that a stripping operation necessary to the proper and convenient use of the pit may *6 constitute quarrying, cf. Miller v. Chester Slate Co., 129 Pa. 81, 18 A. 565 (Pa. Sup. Ct. 1889), there was no proof here of any stripping preparatory to the working of a pit on the Blasberg tract prior to 1947. The cleaning up of loose rock and the hauling of equipment both prior and subsequent to the passage of the ordinance were solely incidents to the working of the original quarry. Defendant's president frankly admitted that until 1950 "I would not say we did any quarrying" on the Blasberg tract.
The use at the time the ordinance was adopted established the non-conforming use which defendant was entitled to continue. The Midland Park Coal & Lumber Co., Inc., v. Terhune, supra. The policy of the law is to restrict rather than to increase non-conforming uses. They may not be enlarged or radically modified. Speakman v. Mayor, &c., North Plainfield, 8 N.J. 250 (1951); Lynch v. Hillsdale, 136 N.J.L. 129 (Sup. Ct. 1947), affirmed 137 N.J.L. 280 (E. & A. 1948). The quarrying of the Blasberg tract which added blasting and other operations to cut and dig rock therefrom represented a substantial change from the pre-existing non-conforming use and violated the ordinance. The permitted continuance of a non-conforming use is the continuance of the same use and not of some other kind of use. Kensington Realty Holding Corp. v. Jersey City, 118 N.J.L. 114 (Sup. Ct. 1937), affirmed 119 N.J.L. 338 (E. & A. 1938); 147 A.L.R. 167, at 178; see 8 McQuillin, Municipal Corporations (3d ed.) 389 et seq. Defendant acquired the tract subject to the zoning ordinance and with full knowledge of the restrictions imposed thereunder, and it seems obvious its efforts to extend its activities into forbidden territory is in effect an attempt to circumvent the prohibition of which it was fully aware. Plainly, the judgment appealed from cannot be sustained for the reason given by the County Court.
However, defendant argues other reasons here, raised but not passed upon in the County Court. At the oral argument both sides expressed the desire that this court determine *7 them; and we shall therefore do so and shall not remand for their disposition in the County Court.
First, defendant contends that the quarrying of the Blasberg tract is merely the extension to that property of its presently existing non-conforming use on the original quarry property, and relies on Lamb v. A.D. McKee, Inc., 10 N.J. Misc. 649 (Sup. Ct. 1932). It was held in the Lamb case that the owner of a ten-acre lot from which on one acre it was excavating sand and gravel when the zoning ordinance was adopted was not guilty of a non-conforming use of land by extending its excavation thereafter to other portions of the tract, for it was not to be supposed "a land owner would be entitled to continue a previous non-conforming use only on the precise spot where it was being done." Such is not the situation here. Defendant acquired the Blasberg tract after the zoning ordinance was passed and the extent of any non-conforming use which may be continued thereon is to be measured solely by the non-conforming use, if any, being made of it at the time the ordinance became effective. The Midland Park Coal & Lumber Co., Inc., v. Terhune, supra.
Defendant contends further that the provisions of the zoning ordinance limiting the use of the tract to residential purposes are unreasonable with regard to the character of the district and its peculiar suitability for particular uses and that the ordinance is therefore unconstitutional as applied to the Blasberg tract. True, a distinction has been recognized between the effect of a zoning ordinance prohibiting a manufacturing or commercial business in a residential district which may be conducted in another locality with equal profit and advantage, and an effect which deprives the owner of land of the natural products thereof and of the right to remove or work them. Annot., 168 A.L.R. 1188, 1198. However, this distinction becomes one of degree of hardship in view of the modern trend in the law of zoning which recognizes that a community has broad powers reasonably to achieve the purposes to be served by zoning to provide a balanced and well ordered scheme for all activity deemed essential to the *8 particular community. Berdan v. City of Paterson, 1 N.J. 199 (1948). There is a presumption that the ordinance is reasonable and the burden was upon defendant to establish the contrary. Guaclides v. Englewood Cliffs, 11 N.J. Super. 405, 411 (App. Div. 1951). Our examination of the record does not persuade us that defendant successfully overcame the presumption. See Birkfield Realty Co. v. Bd. Com'rs. of Orange, 12 N.J. Super. 192 (App. Div. 1951), certif. den. 8 N.J. 319 (June 29, 1951). There was expert testimony on behalf of defendant that the tract was unsuitable for the construction of residences because of its rock base; but North Haledon is a small residential community and there was other evidence that the general area abutting the Blasberg tract is in a stage of development of residential properties and that a roadway is being cut through which will provide access to the tract if developed for residential purposes. Debatable questions in this regard should be resolved in favor of upholding the legislative judgment, Appley v. Bernards Township, 128 N.J.L. 195 (Sup. Ct. 1942), affirmed 129 N.J.L. 73 (E. & A. 1942), and defendant has not proved it is unreasonable to expect that the tract can be developed for residences. See Guaclides v. Englewood Cliffs, supra.
Defendant next argues that the zoning ordinance is unconstitutional because it makes no provisions for manufacturing or industrial uses within the borough other than such as are connected with retail business. Here again sufficient proof to overcome the presumption of the validity of the ordinance was not supplied. North Haledon is almost exclusively a residential community, and, though there was evidence that some areas, including the Blasberg tract, are adaptable to industrial development, the record is lacking in persuasive evidence that, as argued by defendant, "there is precious little industrial space in the surrounding area," that is, in the entire region of which North Haledon is a part. The expert for defendant admitted the existence in neighboring municipalities of areas available for industrial development. Duffcon Concrete Products v. Borough of *9 Cresskill, 1 N.J. 509 (1949), is authority that a municipality predominantly residential in character has the power wholly to exclude from within its borders industrial enterprises or activities, or to impose limitations upon the extent thereof, for the purpose of preserving its residential character, and is not required merely to restrict such enterprises or activities to particular zones or areas of the municipality, when, although separated therefrom but in the same geographical region, there are areas adapted to and sufficiently large to accommodate industrial development. Defendant's proofs do not establish that such areas are lacking in the region which includes North Haledon.
Defendant's last point is that there was an irregularity in connection with the passage of the zoning ordinance which renders its enactment invalid. The argument goes solely to the alleged failure of the municipal records to evidence compliance with R.S. 40:55-33, requiring that the governing body shall not adopt a zoning ordinance until the zoning commission shall make a preliminary report and thereafter hold public hearings thereon before submitting its final report. The testimony shows that public hearings were held by the zoning commissioners but that the reports made to the governing body were oral. That the zoning ordinance was presented to the mayor and council by the zoning commission, given the proper preliminary and final hearings, duly advertised, passed and signed by the mayor, is not questioned. Assuming that the statute contemplates the making of written reports which are to be filed with the municipal records, the irregularity cannot at this late date be invoked to invalidate the ordinance. The ordinance has been in effect for ten years and "public policy forbids an attack based upon informalities and irregularities in the procedure which led to the adoption of the ordinance, when it has been accepted as a valid enactment for a long period of time, and property owners affected by it have conformed to its provisions, and have fixed their status accordingly." West Essex Bldg., etc., Ass'n. v. Borough *10 of Caldwell, 112 N.J.L. 466 (Sup. Ct. 1934), affirmed 113 N.J.L. 398 (E. & A. 1934).
Reversed.