33 N.J. Super. 267 (1954)
110 A.2d 54
BROOKS C. MARTIN, BUILDING INSPECTOR OF THE TOWN OF BLOOMFIELD, NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY CESTONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1954.
Decided December 3, 1954.
*268 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. David A. Rappeport argued the cause for plaintiff-respondent (Mr. Thomas J. Markey, attorney).
Mr. Murray A. Laiks argued the cause for defendant-appellant (Messrs. Heller & Laiks, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The issue here  involving the law of zoning  is whether a nonconforming right to use a parcel of land for the storage outdoors of heavy equipment, is to be limited to that portion of the parcel which was used for that purpose when the zoning ordinance was adopted. The County Court, on appeal from a municipal court, held that *269 in using the remainder of the parcel, there was a violation of the ordinance. It fined the defendant, and he appeals.
To put it more precisely, the court's holding was that on the town's tax map the parcel is divided into four lots, and only the most southerly of these lots, one with a frontage on the street of about 53 feet and a depth of 125 feet, was used for such storage in 1930 when the ordinance was adopted. The extension of the use to the three remaining lots, whose total frontage was 115 feet, constituted, in the court's view, the violation.
The issue, as we shall deal with it, opens up two questions: first, could it be said that in 1930 the nonconforming right extended to the whole of the parcel; second, if not, is the extension of the use thereafter to the three lots so unsubstantial a matter as to be unobjectionable?
Whether it was the purpose of the owner in 1930 to put the entire parcel to the above-mentioned use, is not established in the record. Certainly there is no indication whatever therein of any action taken in or before 1930 to carry out that purpose. Can it be said then  and this is the first question stated  that the nonconforming right extended in 1930 to the whole parcel?
A municipality's interests in what can be achieved through zoning in aider of a planned community may stand opposed to an individual's interests in the uses, now and in the future, to which his land might possibly be put. In this State the matter is dealt with by statute:
"Any nonconforming use * * * existing at the time of the passage of an ordinance may be continued upon the lot * * * so occupied * * *." N.J.S.A. 40:55-48.
In general, see Note, 102 U. of Pa. L. Rev. 91 (1952).
But it is an existing use occupying the land, that the statute protects; the statute does not deal in mere intentions. Cf. Chayt v. Board of Zoning Appeals, 177 Md. 426, 9 A.2d 747 (Ct. App. 1939); Town of Billerica v. Quinn, 320 Mass. 687, 71 N.E.2d 235 (Sup. Jud. Ct. 1947). It ought perhaps to go without saying, that we should not take into *270 consideration provisions of the instant zoning ordinance on the matter, that were noticed neither below nor here. See further Chayt v. Board of Zoning Appeals, supra.
Defendant relies heavily upon Lamb v. A.D. McKee, Inc., 10 N.J. Misc. 649 (Sup. Ct. 1932), having to do with the excavation of sand and gravel. The case is abstracted in Burmore v. Smith, 124 N.J.L. 541, 547 (E. & A. 1940), thus:
"in the Lamb case the whole lot (10 acres) was used for the removal of sand and gravel, even though only a part (one acre) of it was actually dug." See, too, the abstract in Home Fuel Oil Co. v. Borough of Glen Rock, 118 N.J.L. 340, 345 (Sup. Ct. 1937).
Some light is perhaps thrown on the problem in the Lamb case by Town of Billerica v. Quinn, 320 Mass. 687, 71 N.E.2d 235 (Sup. Jud. Ct. 1947), supra. The use dealt with in the Massachusetts case, namely, the removal of loam from a parcel of land, is referred to in the case as a type of use that cannot be continued without extending it; and it was said that conceivably a nonconforming use of such a character may exist, if there is to some extent a physical appropriation of the land to the use  some action taken on the land evidencing the appropriation.
However, we need not in this case involve ourselves in such questions. Here, suffice it to say, no action whatever was taken evidencing a use, existing in 1930, of the land in question (that portion of the parcel having a frontage of 115 feet) for the storage of equipment. In that circumstance, clearly, the nonconforming use did not in 1930 extend to the land stated.
But, it could be said  and this brings us to the second question  that the whole parcel here is by no means a large piece of ground for the storage of heavy equipment, and the appropriation of a portion of it having a frontage of 53 feet, constituted an appropriation of the whole of it to that purpose. It may be that an extension of a use further into a parcel so as to occupy an additional one-foot strip would constitute such an unsubstantial matter under the circumstances *271 as to be negligible. But we have doubts as to whether an extension of the use to a strip 115 feet wide is unsubstantial; and having those doubts, we are obliged to restrict the use.
The policy of the law in this State, as indeed it is conceded here, is to restrict rather than to extend a nonconforming use. The community's interest in the advancement of its own welfare through the medium of a zoning project, is to this extent favored over the individual's interest in his nonconforming use. Lumund v. Board of Adjustment of the Borough of Rutherford, 4 N.J. 577, 585 (1950). See in accord Cleland v. Mayor & City Council of Baltimore, 198 Md. 440, 84 A.2d 49 (Ct. App. 1951); Fulford v. Board of Zoning Adjustment of City of Dothan, 256 Ala. 336, 54 So.2d 580 (Sup. Ct. 1951), citing New Jersey cases; 62 C.J.S., Municipal Corporations, § 226(19), p. 495. But see In re Gilfillan's Permit, 291 Pa. 358, 140 A. 136 (Sup. Ct. 1927); Philadelphia Art Alliance v. Zoning Board of Adjustment, 377 Pa. 144, 104 A.2d 492 (Sup. Ct. 1954).
The fact that the question here arises in a penal case of course does not require an alteration of this policy so as to favor the defendant's interest in his nonconforming use. We conclude then that the defendant has no right to use the above-mentioned strip of land 115 feet wide for the storage of equipment; and the case must be affirmed.
We have assumed (but without deciding the matter) that in accordance with defendant's argument the word "lot" appearing in N.J.S.A. 40:55-48, above cited, has reference to the entire parcel here, and not merely to a lot as it appears on the town's tax map. See Edwards v. Derrickson, 28 N.J.L. 39, 45 (Sup. Ct. 1859), affirmed 29 N.J.L. 468, 474 (E. & A. 1861); Lamb v. A.D. McKee, Inc., 10 N.J. Misc. 649 (Sup. Ct. 1932), supra; Burmore v. Champion, 124 N.J.L. 548, 549, also, Burmore v. Smith, 124 N.J.L. at page 542 (E. & A. 1940), supra; cf. Inhabitants of Town of Phillipsburgh v. Bruch's Executor, 37 N.J. Eq. 482, 486 (Ch. 1883). We have likewise assumed that, as *272 defendant urges, the definition of the word "lot" appearing in the ordinance has reference to the entire parcel. See Cobble Close Farm v. Bd. of Adjustment, Middletown Tp., 10 N.J. 442, 450 (1952), referring to an ordinance with a like definition.
Affirmed.