# CIRCUIT COURT OF THE CITY OF RICHMOND

Process Engineering, Inc.

v.

Dynamic Filters and
Everclean Filter Sales, Inc.

October 16, 1995

Case No. HE-868-4

BY JUDGE MELVIN R. HUGHES, JR.

At the conclusion of a hearing on plaintiff's Petition To Enforce Lien in this matter the court took the issues under advisement. The object of the Petition is to have the court declare and authorize a sale of property on the basis that the property is subject to a mechanic's lien. According to the evidence the following are the relevant facts in the matter.

The plaintiff, Process Engineering, Inc., contracted with one of the defendants, Dynamic Filters, Inc., to construct two filters and filter tanks for $28,000.00 and then insert those filter tanks into a mobile research module ("MRM"). The second defendant, Everclean Filter Sales, Inc., paid the $28,000.00 for constructing the filters and filter tanks. Everclean also paid Process $30,342.00 for work on manufacturing the MRM. Process then performed $25,762.40 worth of additional work manufacturing the MRM. Dynamic paid $9,000.00 leaving a balance of $16,762.40.

Dynamic requested alterations and modifications of the MRM totaling $9,368.00. Dynamic also requested that Process perform tests with the MRM totaling $4,150.27. The MRM is currently housed in a trailer owned by Everclean. Both the trailer and the MRM are in Process' possession.

In its pertinent part, the Virginia Statute § 43-33 on mechanic liens states:

> Every mechanic, who shall alter or repair any article of personal
> property at the request of the owner of such property, shall have
> a lien thereon for his just and reasonable charges therefor and

may retain possession of such property until such charges are paid . . . .

In this case no goods were delivered to Process. Rather, Process manufactured the MRM from scratch. Therefore Process is not entitled to a mechanic's lien. Process must resort to the remedies provided to sellers pursuant to the Uniform Commercial Code (U.C.C.).

## Mechanic's Lien

Process claims that it has a common law right to a mechanic's lien on the MRM. This is not so. The right to a common law lien applies to a bailee, to whom goods have been delivered for repair. *Beck v. Nutrodynamics, Inc.*, 186 A.2d 715, 717 (1962). Here, Process was under contract to fabricate, create the MRM, and deliver it after it had been made. Nor is there a mechanic's lien under § 43-33 for the same reasons.

## The MRM

This case is governed by the U.C.C. The MRM fits the definition of future goods pursuant to Va. Code § 8.2-105(2). A present sale of future goods or of any interest therein operates as a contract to sell. *Id.* Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. (Va. Code § 8.2-401.) In the contract between Dynamic and Everclean, Dynamic is the seller and Everclean is the buyer. Everclean is not in possession of title because Dynamic has not completed its performance. Everclean may have a claim for breach of contract against Dynamic. However, Everclean has no claim against Process and no claim of title in the MRM which is in the possession of Process.

## Uniform Commercial Code

Because Dynamic failed to make payments which were due on or before delivery, Process may resell the MRM and recover damages from Dynamic pursuant to Va. Code § 8.2-703.

Process brings this action claiming it has a common law mechanic's lien on the MRM. Everclean asks for declaratory relief saying (1) it is the owner of the MRM, (2) it is the owner of the trailer, and (3) all outstanding charges relating to the MRM are the responsibility of Dynamic alone.

*The Trailer*

Everclean does own the trailer which the MRM is housed in. The MRM should be removed from the trailer and the trailer returned to Everclean according to the agreement between the parties. (Plaintiff's Post Trial Brief, p. 3.)

For the foregoing reasons, the Petition is denied.